Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Center for Biological Diversity, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-00952-PLF |
| ) | |
| U.S. Department of the Interior, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## <u>SETTLEMENT AGREEMENT</u>

WHEREAS Plaintiffs, Center for Biological Diversity, Western Watersheds Project, Wildearth Guardians, Oregon Natural Desert Association, and Great Old Broads for Wilderness, submitted a petition for rulemaking to the Secretaries of Agriculture and the Interior ("Petition") on November 8, 2005 and an addendum to their Petition on February 20, 2009;

WHEREAS Plaintiffs filed a complaint on June 7, 2010 against Defendants, U.S. Department of the Interior, U.S. Department of Agriculture, U.S. Bureau of Land Management, and U.S. Forest Service, alleging (1) Defendants failed to respond to Plaintiffs' Petition in violation of the Administrative Procedure Act and (2) Defendants violated the National Environmental Policy Act ("NEPA") by failing to supplement environmental assessments prepared in 1988 when promulgating the rules setting forth the federal grazing fee system, and by failing to prepare a NEPA analysis prior to annually setting the grazing fee for public lands;

WHEREAS Defendants responded to the complaint and denied the allegations;

THEREFORE the parties, by and through their undersigned counsel of record, hereby agree to the following Settlement Agreement ("Agreement") in order to resolve this action informally, solely as a compromise, and to avoid the need for further litigation before the Court.

This Agreement constitutes a full, complete, and final settlement of all issues in or related to Case No. 1:10-cv-00952-PLF, filed in the U.S. District Court for the District of Columbia.

1.      Defendants agree to respond to Plaintiffs' Petition on or before January 18, 2011.

2.      Within five (5) days after Defendants respond to Plaintiffs' petition, the Parties agree that they will submit the accompanying joint motion for dismissal and proposed order dismissing these cases with prejudice pursuant to Fed. R. Civ. P. 41, provided that the Court shall retain jurisdiction as specified in Paragraph 3.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  If the Court does not enter the Settlement Agreement, it is voidable by any party.

3.      The Parties agree that the Court should retain jurisdiction over these matters solely to enforce the agreement to pay attorneys' fees.  In the event of a disagreement between the parties concerning any aspect of this Settlement Agreement, the dissatisfied Party shall provide the other Party with written notice of the dispute and a request for negotiations.  The Parties shall meet and confer in order to attempt to resolve the dispute within 14 days of the written notice, or such time thereafter as is mutually agreed.  If the Parties are unable to resolve the dispute within 30 days of such meeting, then either Party may file a motion to enforce the terms of the Agreement.  The Parties agree that contempt of court is not an available remedy for any violation of this Agreement

4.      The parties agree to settle Plaintiffs' entire claim for costs and attorneys' fees in the above-captioned litigation for a total of $2,000.  Federal Defendants agree to pay such amount to Plaintiffs' counsel, Center for Biological Diversity, P.O. Box 710 Tucson, Arizona 85702-0710, on behalf of Plaintiffs in this action.  Federal Defendants agree to pay such amount within forty five (45) days after (a) approval of this agreement by the

Court or (b) Plaintiffs provide Defendants with the information necessary to effectuate the transfer of funds, whichever is later.

5.      Plaintiffs agree to accept payment of $2,000 in full satisfaction of any and all claims for attorneys' fees and costs of litigation under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, or any other authority incurred in this action, through and including the date of this agreement.  Plaintiffs agree to furnish Federal Defendants with the information necessary to effectuate this payment, including payees' bank account number, routing number, and tax identification number, and Plaintiffs and Plaintiffs' attorneys agree to hold the United States harmless in any litigation, further suit, or claim arising from the authorized transfer of the agreed-upon settlement amount.  Plaintiffs agree to provide confirmation of receipt of payment to counsel for Defendants within five (5) days of receipt of payment.

6.      Payment of the above amount shall fully and finally resolve any and all remaining claims that Plaintiffs might have for recovery of attorneys' fees and costs in this case under EAJA or any other authority. Accordingly, Plaintiffs agree that payment of the above amount shall operate as a release of any and all remaining claims against the Defendants for attorneys' fees and costs in this matter.

7.      This Agreement includes and embodies the entire terms and conditions of the agreement between the Parties.

8.      This Agreement does not represent an admission by any Party to any fact, claim, or defense on any issue in the lawsuit.

9.      This Agreement has no precedential value and shall not be used as evidence of such in any litigation.  The Parties agree not to cite to or refer to this Agreement as legal

precedent in any other litigation or administrative proceeding other than the one

referenced in the preamble to this Agreement.  The Parties' acceptance of the

Agreement's terms is not intended to affect or bind their position in any other settlement.

10.    Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or

requirement that the Defendants obligate, commit, or expend funds not appropriated by

Congress, or take any other action in contravention of the Anti-Deficiency Act, 31 U.S.C.

§ 1341, or any other applicable law or regulation.

11.    Nothing in this Agreement shall be construed to limit or deny the power of the federal

government to promulgate or amend regulations.

12.    The undersigned representatives of each party certify that they are fully authorized by the

party or parties they represent to agree to the above terms and conditions of this

Agreement and legally to bind the Parties to it.

DATED this 14th day of January, 2011.

/s/ Marc Fink_____
MARC FINK
Center for Biological Diversity
209 East 7th St.
Duluth, Minnesota 55805
Tel: 218-525-3884
Email: mfink@biologicaldiversity.org

/s/ Matt Kenna_____
MATT KENNA
Public Interest Environmental Law
679 E. 2nd Ave., Suite 11B
Durango, Colorado 81301
Tel: 970-385-6941
Email: matt@kenna.net

On behalf of Plaintiffs

DATED this 14th day of January, 2011.

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Kathryn M. Liberatore*
KATHRYN M. LIBERATORE
Trial Attorney, NY Bar 4317780
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 616-5082
Facsimile: (202) 305-0506
Email: kathryn.liberatore@usdoj.gov

On behalf of Defendants